■ JOHN BYKOWSKY et al., Appellants, v IRVING ESKENAZI et al., Respondents, et al., Defendants. [870 NYS2d 312]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered November 20, 2007, which, insofar as appealed from, held that defendants Eskenazi and Landau (the Individuals) are not liable to plaintiffs on a certain promissory note, or for the rescission fee in the subject contract, or for lost profits, unanimously modified, on the law, to hold that the Individuals are liable on the note and for lost profits, the amounts of which are to be determined at the trial on damages, and otherwise affirmed, without costs.

After a trial on liability, the court found that "defendants Eskenazi, Landau, Basketball City NY, Inc. and Basketball City USA, Inc. are liable to plaintiffs for breach of [contract] and any consequential damages resulting from the breach." This finding made law of the case that precludes the Individuals' present challenges to their liability on the note and for lost profits. But even if there were no law of the case, we would hold the Individuals liable for the nonpayment of the note by defendants Basketball City New York, Inc. and Basketball City USA, Inc. (the BBCs), and also for lost profits. The various parties' obligations under the contract, which involved the creation of a chain of sports complexes, were interrelated, such that the Individuals' failure to secure financing in a manner compliant with the contract prevented the closing where the agreed upon exchange of shares was to take place, which in turn prevented plaintiff League's predecessor from being able to play games in the new complex, which in turn resulted in lost profits. Furthermore, as payment of the promissory note was conditioned on the League's playing a quota of games, the failure to close also resulted in plaintiff Bykowsky's inability to collect on the note. Accordingly, nonpayment of the note, and the lost profits arising out of the

inability to use the complex, were within the contemplation of the parties at the time of contracting and were "the natural and probable consequence of the breach" (*Kenford Co. v County of Erie*, 73 NY2d 312, 319 [1989]). Plaintiffs are also entitled to contractual indemnification from the Individuals and the BBCs. However, plaintiffs are not entitled to recovery of the rescission fee, which, under the contract, was only available during a limited period of time. Concur—Lippman, P.J., Mazzarelli, Sweeny, DeGrasse and Freedman, JJ. [*See* 2007 NY Slip Op 33734(U).]